CORVALLIS DISPOSAL CO.,
*Petitioner,*
*v.*
BUREAU OF LABOR & INDUSTRIES et al,
*Respondents.*

(No. 9-78, CA 17845)

619 P2d 663

Robert Mix, Corvallis, argued the cause and filed the brief for appellant.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

In this judicial review the petitioner (Corvallis) challenges the Commissioner's finding that it had committed an unlawful employment practice by failing to reinstate an employee after he had suffered a compensable on-the-job injury. The Commissioner entered a money judgment for lost wages.

The employee was injured on September 2, 1975. On January 6, 1976, he received a release from his physician to return to work, and the next day he applied to Corvallis for reinstatement. The general manager advised him that there was no work available. On January 9, the employee filed a complaint with the Commissioner. On August 4, 1978, pursuant to ORS 659.060, the Commissioner filed charges against Corvallis for allegedly committing an unlawful employment practice by violating ORS 659.415.[1]

Corvallis asserts five assignments of error, but we need treat of only one, because we agree that the Commissioner lacked jurisdiction to base a charge of an unlawful employment practice on these facts. In January, 1976, ORS 659.010(13) defined "unlawful employment practice" to include "only those unlawful employment practices specified in ORS 659.030." The latter statute then provided in relevant part:

"For the purposes of ORS 659.010 to 659.110 and 659.400 to 659.535, it is an unlawful employment practice:

"(1) For an employer, because of the race, religion, color, sex or national origin of any individual or of any other person with whom the individual associates, to refuse to hire or employ or to bar or discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or

---

[1] At the relevant time the statute read:

"A workman who has sustained a compensable injury shall be reinstated by his employer to his former position of employment or employment which is available and suitable upon demand for such reinstatement, provided that the workman is not disabled from performing the duties of such position. A certificate by a duly licensed physician that the physician approves the workman's return to his regular employment shall be prima facie evidence that the workman is able to perform such duties."

privileges of employment. However, discrimination is not an unlawful employment practice if * * *."[2]

We conclude that at the time of the act charged to be an unlawful employment practice, it was not within the definition of those things over which the Commissioner had jurisdiction.[3]

Reversed.

---

[2] ORS 659.022 read as follows at the relevant time in relevant part:

"The purpose of ORS 659.010 to 659.110 and 659.400 to 659.435 is to encourage the fullest utilization of available manpower by removing arbitrary standards of race, religion, color, sex, national origin or age as a barrier to employment of the inhabitants of this state; to insure human dignity of all people within the state, and protect their health, safety and morals from the consequences of intergroup hostility tensions and practices of discrimination of any kind and based on race, religion, color, sex or national origin. To accomplish this purpose the Legislative Assembly intends by ORS 659.010 to 659.110 and 659.400 to 659.435 to provide:

" * * * * *

"(2) An adequate remedy for persons aggrieved by certain acts of discrimination because of race, religion, color, sex or national origin or unreasonable acts of discrimination in employment based upon age.

"(3) ***."

[3] The state argues that when the legislature enacted Oregon Laws chapter 660 in 1973 (ORS 659.400 through 659.435) prohibiting discrimination against handicapped workers, it intended the Commissioner to have the same power to investigate, conciliate and adjudicate practices declared to be against public policy in that legislation as the power was granted to enforce prohibitions against unlawful employment practices as defined in ORS 659.030. Otherwise, we are told, we would be making "the entire statute unenforceable and consequently a useless act." We point out that in the 1973 legislation the legislature demonstrated that it was able to call an unlawful employment practice an unlawful employment practice when it wanted to. See Or Laws 1973, ch 660, §§ 7 and 9. It still is. Or Laws 1979, ch 813, §§ 3 and 4.